UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARY ROBERT SHUTTER,

        Petitioner,   Case No. 1:20-cv-12333

v.   Honorable Thomas L. Ludington
United States District Judge

CATHERINE BAUMAN, warden,

        Respondent.
_____/

**OPINION AND ORDER HOLDING HABEAS PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE**

Petitioner Gary Robert Shutter, confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his convictions for assault with intent to commit murder, MICH. COMP. LAWS § 750.83, felonious assault, MICH. COMP. LAWS § 750.82, malicious destruction of personal property less than $ 200.00, MICH. COMP. LAWS § 750.377a(1)(d), and possession of a firearm in the commission of a felony, MICH. COMP. LAWS § 750.227b.

The Petition will be held in abeyance so that Petitioner can return to the state court to exhaust additional claims, and the case will be administratively closed.

I.

Petitioner was convicted following a jury trial in the Macomb County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Shutter*, No. 336613, 2018 WL 3998735 (Mich. Ct. App. Aug. 21, 2018), *appeal denied*, 922 N.W.2d 536 (Mich. 2019).

In January 2020, Petitioner filed his first habeas petition here, which was dismissed without prejudice because Petitioner's asserted a double jeopardy violation that had not been exhausted in

the state courts. *Shutter v. Bauman*, No. 1:20-CV-10115, 2020 WL 8992137 (E.D. Mich. Mar. 10, 2020). In May 2020, Petitioner filed a motion to delete his unexhausted claim, which was denied for lack of jurisdiction. *Shutter v. Bauman*, No. 1:20-CV-10115 (E.D. Mich. July 16, 2020), ECF No. 8.

On August 10, 2020, Petitioner filed the instant Petition, asserting insufficient evidence to convict and ineffective assistance of trial counsel. ECF No. 1.

## II.

### A.

Respondent first urges this Court to dismiss the Petition as barred by the one-year statute of limitations. ECF No. 8 at PageID.123–31.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, governs the filing date of the Petition because it was filed after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA amended 28 U.S.C. § 2244 to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Although not jurisdictional, AEDPA's one-year limit "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009).

Respondent argues that the Petition is untimely because it was filed after the expiration of the limitations period on June 29, 2020. ECF No. 8 at PageID.123–31. Respondent's calculation is based on the eight months and eleven days that has already passed when the first habeas petition was filed on January 16, 2020. *See id.* at PageID.127. Respondent argues that the limitations period began running again on March 10, 2020, when this Court dismissed the first petition without prejudice. *Id.* at PageID. 125. According to Respondent's calculation, Petitioner had three months and nineteen days remaining after the first petition was dismissed, or until June 29, 2020, to timely file his petition. *Id.* at PageID.126. Respondent argues the current petition is untimely because it was not filed until August 10, 2020—42 days late. *Id.*

But Petitioner filed a motion to delete his unexhausted third claim on May 12, 2020, which was within the limitations period. *Id.* at PageID.126. that motion was not denied until July 16, 2020, *id.*, after the limitations period expired. That 65-day delay is 13 days longer than Petitioner's purported delay.

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Habeas petitioners are entitled to equitable tolling "only if" they (1) have pursued their rights "diligently" and (2) "some extraordinary circumstance" prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

If a district court dismisses a mixed habeas petition containing both exhausted and unexhausted claims without giving the petitioner the opportunity to amend the petition to delete

the unexhausted claims, then the petitioner is entitled to equitable tolling from the date that the mixed petition was dismissed to the date that the new petition is filed, assuming diligence. *See Butler v. Long*, 752 F.3d 1177, 1181 (9th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (June 24, 2014). Other courts have reached similar conclusions where a second habeas petition was dismissed as time-barred without an opportunity to delete unexhausted claims from an earlier timely petition. *See White v. Dingle*, 616 F.3d 844, 846–49 (8th Cir. 2010); *Urcinoli v. Cathel*, 546 F.3d 269, 273 (3d Cir. 2008); s*ee also Smith v. McGee*, No. 2:02-CV-10322, 2004 WL 539194, at *4–5 (E.D. Mich. Mar. 16, 2004) (equitably tolling the limitations period from the time that petitioner's first habeas petition containing unexhausted claims was dismissed without prejudice until petitioner filed his current petition which deleted the unexhausted claims).

Because Petitioner did not receive the option to delete his unexhausted claim and acted with due diligence by filing this current petition less than one month after the denial of his motion to delete the unexhausted double jeopardy claim from his first petition, he is entitled to equitable tolling of the limitations period. Thus, Respondent's first argument will be rejected.

**B.**

Respondent alternatively argues that Petitioner should be dismissed because Petitioner did not exhaust the following ineffective-assistance claims in the state courts: failure (1) to make a certain argument during closing argument, (2) to call witnesses, (3) to mention the victim's lack of ownership of the gun he possessed, (4) to mention that law enforcement allegedly entered Petitioner's house without permission, and (5) to advise Petitioner adequately about a plea bargain. ECF No. 8 at PageID.131–52. Respondent also argues that, to the extent that Petitioner is alleging that appellate counsel was ineffective, he did not raise that claim with the state courts. *Id.*

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b), (c). *See Picard v. Connor*, 404 U. S. 270, 275–78 (1971). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009). Each habeas claim must be reviewed by a federal court for exhaustion before any claim may be adjudicated on the merits by a federal court. *Id.* Federal district courts must dismiss mixed habeas petitions that contain both exhausted and unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)).

This Court has reviewed Petitioner's brief on appeal before the Michigan Court of Appeals, ECF No. 9-16 at PageID.1158–89, and his application for leave to appeal before the Michigan Supreme Court, ECF No. 9-17 at PageID.1239–45. He did not raise the ineffective-assistance claims that Respondent cited. Although Petitioner raised other ineffective-assistance claims on his appeal of right, they do not exhaust his additional ineffective-assistance claims. A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The doctrine of exhaustion mandates that the same claim under the same theory be presented to the state courts before it may be raised in a federal habeas petition. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). "Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012).

A habeas petitioner must present the state courts with "the same specific claims of ineffective assistance made out in the habeas petition." *Wyldes v. Hundley,* 69 F.3d 247, 253 (8th Cir. 1995) (quoting *Tippitt v. Lockhart*, 903 F.2d 552, 554 (8th Cir. 1990)). Because Petitioner's

five ineffective-assistance subclaims are different than the ones presented in his direct appeals, they have not been fairly presented to the state courts. *See Caver v. Straub,* 349 F.3d 340, 346–47 (6th Cir. 2003) (citing *Pillette v. Foltz,* 824 F.2d 494, 497 (6th Cir. 1987)); *see also Brandon v. Stone,* 226 F. App'x 458, 459 (6th Cir. 2007).

In addition, Petitioner's claim alleging ineffective assistance of appellate counsel is itself subject to the exhaustion requirement. *See Baldwin v. Reese,* 541 U.S. 27, 30–33 (2004). State postconviction review would actually be the first opportunity that Petitioner had to raise an ineffective-assistance claim against his appellate counsel in the Michigan courts. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

Petitioner's method of properly exhausting these claims in the state courts would be a motion for relief from judgment with the Macomb County Circuit Court under Michigan Court Rule 6.502. *See Wagner v. Smith,* 581 F.3d at 419. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302; *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner must appeal the denial of his postconviction motion to the Michigan Court of Appeals and the Michigan Supreme Court to exhaust any claims that he would raise in his postconviction motion. *See, e.g.*, *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

This Court's only concern in dismissing the Petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). A habeas petitioner who is concerned about the possible effects of his state postconviction filings on AEDPA's statute of limitations may file a "protective" petition in federal court and then ask for the petition to be held in abeyance

pending the exhaustion of state postconviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court postconviction proceedings if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v. Smith,* 581 F.3d at 419. Further, Petitioner appears to assert that he did not previously raise his unexhausted claims in the state courts due to the ineffective assistance of appellate counsel. *Id.* at 419 nn.4–5. Petitioner also has good cause for failing to allege ineffective assistance of appellate counsel earlier because state postconviction review was his first opportunity to raise it in the Michigan courts. *See Guilmette v. Howes*, 624 F.3d at 291.

When a district court determines that a stay is appropriate pending exhaustion of state-court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state-court remedies, this Court will impose time limits for Petitioner to proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court in a postconviction motion for relief from judgment with the state trial court within 60 days of the date of this Order. *See id.* Petitioner must also ask this Court to lift the stay within 60 days of exhausting his state-court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

### III.

Accordingly, it is **ORDERED** that Petitioner is **PERMITTED** to file a motion for relief from judgment in the state courts **on or before September 30, 2023**. If Petitioner fails to file a motion for relief from judgment with the state courts by that date, then the present Petition will be dismissed without prejudice. If Petitioner files a motion for relief from judgment in state court, then he must notify this Court that he did so. If so, then the case will be held in abeyance pending exhaustion of Petitioner's claims. If not, then the present Petition will be dismissed without prejudice.

Further, it is **ORDERED** that Petitioner is **DIRECTED** refile his habeas petition within 60 days after the conclusion of the state-court postconviction proceedings. If so, then he may file an amended habeas petition that contains any newly exhausted claims.

Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **ADMINISTRATIVELY CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

Further, it is **ORDERED** that, upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, this Court may order the Clerk to reopen this case for statistical purposes.

**This is a final order and closes the above-captioned case**.

Dated: August 1, 2023                         s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge