UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY ROBERT SHUTTER,

Petitioner,

Case Number 1:20-CV-12333
Honorable Michael C. Martin

v.

CATHERINE BAUMAN,

Respondent.
_________________________________/

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS**

On August 10, 2020, Petitioner Gary Robert Shutter, proceeding *pro se*, filed a petition for a writ of habeas corpus without the assistance of an attorney under 28 U.S.C. § 2254. At the time of filing, Shutter was confined at the Newberry Correctional Facility in Newberry, Michigan,

I. BACKGROUND

On August 1, 2023, the Court issued an order holding the petition in abeyance and administratively staying the case to allow Shutter to exhaust his state-court remedies, after finding, for reasons stated at greater length in the opinion, that the petition contained several claims that had not been exhausted with the state courts (ECF No. 12.) Shutter was given until September 30, 2023, to file a motion for relief from judgment in the state court. He was also informed that if he

failed to file a motion for relief from judgment with the state courts by that date, the petition would be dismissed without prejudice. Shutter was further advised that if he filed a motion for relief from judgment in state court, he was to notify this Court that he did so, at which point the case would be held in abeyance pending the exhaustion of his claims. If Shutter failed to notify the Court, the petition would be dismissed without prejudice. Shutter was ordered to refile an amended habeas petition within 60 days after the conclusion of the state-court postconviction proceedings. *See Shutter v. Bauman*, 685 F.Supp.3d 480, 486-87 (E.D. Mich. 2023). He was specifically warned that: "Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition." (ECF No. 12, PgID.487.)

Shutter filed a notice indicating that he filed a motion for relief from judgment on September 14, 2023, in the Macomb County Circuit Court (ECF No. 13), but no motion appears on the public docket. On October 19, 2023, Shutter filed a change of address but has not made any further filings in this case. (ECF No. 14.) The Court has reviewed the public docket of the state trial court and the Michigan Court of Appeals. Neither docket shows postconviction motions or a postconviction appeal. Further, the Court reviewed the Michigan Department of Corrections Offender Tracking Information System, which indicates that Shutter was discharged from custody on November 19, 2024. The Court's prior orders

gave Shutter 60 days after the conclusion of the state court proceedings to file an amended habeas petition, and that period now appears to have expired.

On July 1, 2026, the Court issued an order for Shutter to show cause why the stay of proceedings should not be dissolved (ECF No. 16.) In that order, the Court noted that the docket of the state trial court indicated that Shutter had not filed any postconviction motions, and it appeared that he has been released from state custody. The Court set a deadline of July 21, 2026, for Shutter to respond, but he never did. *Id.* On July 31, 2026, the Court lifted the stay of the proceedings and indicated it would adjudicate the original petition. (ECF No. 17.)

## II. ANALYSIS

The petition shall be dismissed without prejudice for two reasons. First, as the Court mentioned in its earlier opinion, the petition contains a number of ineffective assistance of counsel claims that were never exhausted with the state courts, including an ineffective assistance of appellate counsel claim. *Bauman*, 685 F.Supp.3d at 484-85. A state prisoner who seeks federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. *Picard v. Connor*, 404 U.S. 270, 275–78 (1971); 28 U.S.C. § 2254(b), (c). As a general rule, federal district courts must dismiss a habeas petition like the one filed by Shutter that contains both exhausted and unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)).

Shutter never returned to the state courts to exhaust these additional claims, thus, his current petition is still subject to dismissal.

Second, the petition is subject to dismissal because Shutter never complied with the conditions of the Court's stay order, in that he never returned to the state courts to file a postconviction motion for relief from judgment, never notified the Court of his progress (or lack of progress) in seeking postconviction relief in the state trial or appellate courts, and never made an attempt to reopen his case here. "If the conditions of the stay [order] are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." *Bauman*, 685 F.Supp.3d at 486 (quoting *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002)). A district court can properly dismiss a habeas petition if the petitioner fails to comply with the conditions of the Court's stay, as the petitioner failed to do by not returning to the state court to file a state postconviction motion. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

III. CONCLUSION

Accordingly, the petition for a writ of habeas corpus (ECF No. 1) is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

s/Michael C. Martin
MICHAEL C. MARTIN
United States District Judge

Dated: November 16, 2026